**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Uncommon USA, Inc,

                        Plaintiff,         Civ. No. 05-975 (RHK/AJB)
                                            **MEMORANDUM OPINION**
                                            **AND ORDER**
v.

Michael Wiese individually, and as
President of American Engineered Products, LLC,

                        Defendant.

Donald H. Burgett, Anderson & Burgett, Wilmar, MN, for Plaintiff.

Grant D. Fairbairn, Fredrikson & Byron, P.A., Minneapolis, MN, for Defendant.

**Introduction**

      This case arises out of a series of contracts between Uncommon USA, Inc. ("Uncommon") and Harold Wiese and his descendants and heirs, one of whom is Defendant Michael Wiese, regarding the sale of a patent for telescopic flagpoles. Uncommon brought suit against Wiese in state court, alleging breach of contract and patent infringement. Wiese removed the action to this Court based on the patent infringement claim. Uncommon thereafter dropped the patent infringement claim, and has now moved to remand the case to state court. For the reasons set forth below, the Court will grant Uncommon's Motion.

**Background**

Defendant Michael Wiese resides in Minnesota and is the son and heir of Harold Wiese and the president of American Engineered Products, LLC ("AEP"). (Am. Compl. ¶¶ IX-X.) Uncommon is a Minnesota corporation. (Id. ¶ II.)

On December 14, 1988, Uncommon and Harold Wiese entered into an agreement by which Harold Wiese sold to Uncommon his interest as owner of a patent for telescopic flagpoles ("the 1988 Agreement"). (Id. ¶ III.) The 1988 Agreement provided that Harold Wiese was to receive royalty payments from Uncommon based on sales of the flagpoles. (Id.) Further, the parties agreed that "any modifications or improvements resulting from additional research and development undertaken by [Harold Wiese] shall be transferred hereunder and shall go with the product to the benefit of [Uncommon]." (O'Hanlan Aff. Ex. A.)

On March 3, 1997, Uncommon and Harold Wiese entered into an additional agreement ("the 1997 Agreement"). (Id. Ex. B.) The 1997 agreement modified the royalty payments under the 1988 Agreement and provided that "the rights under this Agreement and the preceding Agreement and any preceding Amendments between the parties shall be subject to assignment by either of the parties and as so shall be controlling upon any successors, heirs, or assigns." (Id.) Michael Wiese was not a signatory to either the 1988 or the 1997 Agreement. (Wiese Decl. ¶ 2.)

Harold Wiese passed away on August 2, 1997. (Id. ¶ 3.) On May 26, 1999, Uncommon entered into an agreement with the Estate of Harold A. Wiese, the Harold

Wiese Revocable Living Trust, and the heirs and beneficiaries of the Estate and Trust individually, which included Michael Wiese[1] ("the 1999 Agreement"). (Am. Compl. ¶ VII.) Paragraph 8 of the 1999 Agreement provides

> [t]his Agreement resolves any issues between the parties regarding patent ownership and other than completing patent registration and transfer, [Michael] Wiese shall not be involved in Research and Development molds, parts, production, manufacture, or marketing in any way beyond the date hereof on the original patent or any related patents arising therefrom.

(Wiese Decl. Ex. A.) The 1999 Agreement further provides that it "constitutes the entire agreement between [the parties] respecting the subject matter hereof . . . ." (Id.)

In spring 2002, Wiese began developing a new flagpole. (Wiese Decl. ¶ 4.) In October 2002 and December 2003, Wiese approached Uncommon to discuss his ideas. (Id.) Although Uncommon did not ultimately purchase the ideas, it did sign a confidentiality agreement before both meetings. (Id.) After failing to find a purchaser, Wiese and a co-investor formed AEP to market the product. (Id. ¶ 5.) Wiese recently received a patent on aspects of the new flagpole. (Id.)

In August 2004, AEP sent Uncommon an offer to buy parts for the new flagpole. (Id. ¶ 6.) Uncommon sent a counteroffer, which AEP accepted. (Id.) Uncommon filled the first order and two additional orders in January and March 2005. (Id.) However, in late March 2005, Uncommon sent AEP a letter demanding that AEP stop marketing and selling the new flagpole. (Id. ¶ 7.) Uncommon also ceased sending AEP parts for the new flagpole

---

[1]Hereinafter, the Court will refer to Defendant Michael Wiese as "Wiese."

and claimed that it was either (1) a breach of the 1999 Agreement or (2) an infringement on Harold Wiese's patent which was owned by Uncommon.  (Id.)

On April 26, 2005, Uncommon filed a Complaint in Kandiyohi County District Court.  (See Notice of Removal, Ex. A. ("Compl.").)  Uncommon claimed that Wiese (1) breached "the various agreements" the parties entered into by engaging in the manufacturing, distribution, and sale of telescoping flagpoles; (2) infringed upon a patent owned by Uncommon by doing the same; and (3) "published or caused others to publish incorrect, false, and slanderous communications regarding [Uncommon]."  (Compl. ¶¶ XI-XIII.)  The Complaint quoted Paragraph 8 of the 1999 Agreement.  (Id. ¶ VII.)

On May 20, 2005, Wiese removed the action to this Court asserting that, because Uncommon asserted a claim for patent infringement, this Court has exclusive jurisdiction over the matter under 35 U.S.C. § 1338(a).[2]  (Notice of Removal at 2.)   On May 23, 2005, before Wiese had served a responsive pleading to the Complaint, Uncommon served and filed an Amended Complaint (Doc. No. 4).  The Amended Complaint eliminated the claim for patent infringement, retaining only the breach of contract and slander claims against Wiese.  (Am. Compl. ¶¶ XI-XII.)  On May 24, 2005, Uncommon moved to remand the case to state court on the ground that, with the elimination of the patent infringement claim, the Court no longer has subject matter jurisdiction.  (Mem. in Supp. at 2.)

---

[2]Section 1338(a) provides that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . .  Such jurisdiction shall be exclusive of the courts of the states in patent . . . cases."

**Standard of Review**

A defendant may remove a matter from state court if that matter could have originally been brought in federal court, 28 U.S.C. § 1441(a), or if the federal court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, 28 U.S.C. § 1441(b).[3]  The district court must, however, remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c).  The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.  In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993).  When reviewing a motion to remand, a court must resolve all doubts concerning federal jurisdiction in favor of remand.  Id.  However, "[a] district court has no discretion to remand a claim that states a federal question" and the existence of a federal question is an issue of

---

[3] Section 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

Section 1441(b) provides, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

law.  Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) (citations omitted).

**Analysis**

The issue presented in Uncommon's Motion for Remand is whether this Court has federal question jurisdiction based upon the allegations in Uncommon's Amended Complaint.  Federal district courts have "original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . .  Such jurisdiction shall be exclusive of the courts of the states in patent . . . cases." 28 U.S.C. § 1338(a).  The Court must determine whether, pursuant to the well-pleaded complaint rule, Uncommon's claims constitute a suit "arising under" the patent laws of the United States.  Because the Amended Complaint does not raise a substantial question of patent law, the Court determines that it lacks subject matter jurisdiction and will grant Uncommon's Motion to Remand.

The "'well-pleaded complaint rule,' . . . provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Federal jurisdiction under 28 U.S.C. § 1338(a) exists only when "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988). However, "a case raising a federal patent-law defense does not, for that reason alone, arise under patent

law, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. at 809 (internal quotations omitted).

Here, there can be no question that the claims framed in the Amended Complaint assert only causes of action created by state law and not the federal patent laws. Wiese argues, however, that the resolution of Uncommon's breach of contract claim depends on resolving a substantial question of patent law. Wiese bases this argument on Paragraph 8 of the 1999 Agreement, which states, in relevant part, "Wiese shall not be involved in Research and Development molds, parts, production, manufacture, or marketing in any way beyond the date hereof on the original patent or any related patents arising therefrom." (Mem. in Opp'n at 5 (quoting the Am. Compl. ¶ VII (emphasis added)).) According to Wiese, because "the terms 'related' and 'arising therefrom' are terms of art" in the context of patent law, the Court has subject matter jurisdiction over Uncommon's claims.[4] (Id. at 5-6.)

---

[4] Wiese's only other argument regarding why this Court has subject matter jurisdiction over Uncommon's claims (as opposed to supplemental jurisdiction over the remaining state law claims) relates to Wiese's apparent perceptions of the relative abilities of state courts in these matters. According to Wiese, a "state court judge totally unfamiliar with patents and patent law is not in a position to determine the 'relatedness' of two patents or to apply Federal Circuit Law." (Mem. in Opp'n at 6.) The Court does not share Wiese's scepticism regarding the ability of the state court judges to apply the law. See generally Speedco, Inc. v. Estes, 853 F.2d 909, 914-15 (Fed. Cir. 1988) (holding that plaintiff did not establish federal jurisdiction under patent law, and noting that "[the plaintiff] will have to share Congress's trust in the abilities of the state courts to interpret and apply federal law in order to resolve patent issues necessary to the decision of the case before them").

The Court determines that Wiese has not met his burden of establishing that the relief Uncommon seeks is dependant on the resolution of a "substantial question of federal patent law." Christianson, 486 U.S. at 808-09; see also In re Bus. Men's Assurance Co., 992 F.2d at 183 (noting that the "party seeking removal and opposing remand, has the burden of establishing federal subject matter jurisdiction" (citation omitted)). Wiese has not presented sufficient support for the argument that the consideration of whether the new flagpoles arise from or are related to the original patent constitutes a substantial question of federal patent law. The Federal Circuit has made clear that not "all breach of contract actions involving patents require" a determination of patent infringement. Board of Regents, the University of Texas System v. Nippon Telephone and Telegraph Corp., 414 F.3d 1358, 1363-64 (Fed. Cir. 2005). It is not clear to the Court that this action will necessarily involve such a determination or any other substantial question of patent law, which is dispositive on a motion to remand. See, e.g., id. at 1363 (noting that "issues of inventorship, infringement, validity and enforceability present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)" (citation omitted)).

Nor has Wiese established that the resolution of a substantial patent issue is necessary to Uncommon's breach of contract claim. In Nippon Telephone and Telegraph Corporation, 414 F.3d at 1363-64, the Federal Circuit determined that, in part "because the patent law issues identified by [the defendant were] not essential to the resolution of Plaintiffs' claim," federal jurisdiction under § 1338(a) was not established. The authority

relied upon by Wiese[5] does not establish that the patent law issues identified by Wiese will be essential to the determination of whether his alleged actions breached the 1999 Agreement. That, in some circumstances, the terms "related" and "arising therefrom" may be used as terms of art in the context of patent law, does not mean that the terms have those meanings in relation to the 1999 Agreement, nor that the terms raise <u>substantial questions</u> of patent law. The meaning of the 1999 Agreement, and by extension the terms "related" and "arising therefrom," is an issue of ordinary state law contract interpretation.

Furthermore, although Wiese's theory of defense may ultimately rest on patent law, a federal patent-law defense is not sufficient to retain federal jurisdiction. <u>Christianson</u>, 486 U.S. at 809; <u>see also</u> <u>Jim Arnold Corp. v. Hydrotech Sys., Inc.</u>, 109 F.3d 1567, 1574 (Fed. Cir. 1997) (holding that a complaint alleging breach of a patent assignment and royalty agreement does not state a claim arising under patent laws even though a consequence of finding such a breach may lead to allegations of infringement). Accordingly, because the Amended Complaint does not raise a substantial question of federal patent law, the Court will grant Uncommon's Motion to Remand.[6]

---

[5]In support of its argument that the terms "related" and "arising therefrom" are terms of art under patent law, Wiese cites two cases, <u>Anchor Wall Systems, Inc. v. Rockwood Retaining Walls</u>, 340 F.3d 1298, 1301 (Fed. Cir. 2003) and <u>Preformed Line Products v. Fanner Mfg. Co.</u>, 328 F.2d 265, 267 (6th Cir. 1964), and the United States Patent and Trademark Office's website. (Mem. in Opp'n at 5-6.)

[6]Wiese requests that the Court award him costs and expenses "because Uncommon decided to change its pleading after Mr. Wiese properly removed to the appropriate Court and incurred expenses in connection with the removal." (Mem. in Opp'n at 8.) Wiese does not, however, provide the Court with an accounting of the costs and expenses he seeks. Regardless, the Court determines that the circumstances of the instant action do not

**Conclusion**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that Uncommon's Motion to Remand (Doc. No. 6) is **GRANTED**. Uncommon's Amended Complaint (Doc. No. 4) is **REMANDED** to the Kandiyohi County District Court pursuant to 28 U.S.C. § 1447(c); the Clerk of this Court shall mail to the Clerk of the Kandiyohi County District Court a certified copy of this Memorandum Opinion and Order.

Dated: August 19, 2005                                                s/Richard H. Kyle
                                                                      RICHARD H. KYLE
                                                                      United States District Judge

---

warrant an award of costs and expenses to Wiese.